PEOPLE ex rel. OSBORNE v. BOARD OF SUP'RS OF WESTCHESTER COUNTY.

(Supreme Court, Appellate Division, Second Department.   June 17, 1915.)

1. ATTORNEY GENERAL ⊚⇒2—DEPUTIES—COMPENSATION.

That relator, who claimed compensation from the county under Executive Law (Consol. Laws, c. 18) § 62, subd. 2, as amended by Laws 1911, c. 14, for legal services, was in the appointment described as a Special Attorney General authorized to perform special services, does not affect his right.

[Ed. Note.—For other cases, see Attorney General, Cent. Dig. § 2; Dec. Dig. ⊚⇒2.]

2. COUNTIES ⊚⇒137—CHARGES AGAINST—COMPENSATION OF DEPUTY ATTORNEY GENERAL.

Under Executive Law, § 62, subd. 2, as amended by Laws 1911, c. 14, providing that, when the Attorney General or any of his deputies shall be required by the Governor to attend any term of the Supreme Court, or to appear before the grand jury to manage and conduct criminal actions or proceedings, all expenses incurred by the Attorney General, including the compensation or salary of all deputies, shall be a county charge, the compensation of deputies so appointed must be fixed by the Attorney General.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 203; Dec. Dig. ⊚⇒137.]

3. COUNTIES ⊚⇒137—CHARGES AGAINST—COMPENSATION OF DEPUTY ATTORNEY GENERAL.

Where a Special Attorney General is appointed by the Governor to perform special acts, in order for his salary and expenses to be a county charge, his appointment need not be filed with the Secretary of State under Public Officers Law (Consol. Laws, c. 47) § 9.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 203; Dec. Dig. ⊚⇒137.]

4. COUNTIES ⊚⇒137—CHARGES AGAINST—COMPENSATION OF DEPUTY ATTORNEY GENERAL.

Where an Assistant Attorney General is, under Executive Law, § 62, subd. 2, as amended by Laws 1911, c. 14, appointed to perform certain acts, the order need not contain a special provision superseding the district attorney, in order for the salary and expenses of the Assistant Attorney General to become a county charge.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 203; Dec. Dig. ⊚⇒137.]

5. COUNTIES ⊚⇒137—CHARGES AGAINST—COMPENSATION OF DEPUTY ATTORNEY GENERAL.

Before an Assistant Attorney General can recover from a county his salary and expenses for attending proceedings, it must appear that he was formally appointed by the Governor in accordance with Executive Law, § 62, subd. 2, as amended by Laws 1911, c. 14.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 203; Dec. Dig. ⊚⇒137.]

Certiorari by the People, on the relation of James W. Osborne, against the Board of Supervisors of the County of Westchester, to review a determination of the board. Determination confirmed, and writ dismissed.

Argued before JENKS, P. J., and THOMAS, STAPLETON, and RICH, JJ.

---

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

James W. Osborne, of New York City (Gilbert D. Lamb, of New York City, on the brief), for relator.

Charles A. Van Auken, of New Rochelle, for respondent.

THOMAS, J.  [1, 2] The present question is whether the relator had the status intended by subdivision 2 of section 62 of the Executive Law, as amended by chapter 14 of the Laws of 1911. Certain facts are conditions precedent to the capacity he asserts: (1) The relator must have been a deputy of the Attorney General; (2) the Governor must have required attendance by the Attorney General or one of his deputies before the grand jury for the purpose of managing and conducting a proceeding specified in the requirement of the Governor. In case the status be established, the "expenses incurred by the Attorney General, including the salary or other compensation of all deputies employed," becomes a county charge. The relator was in the appointment described as a Special Deputy Attorney General, authorized to pursue a defined line of investigation of charges relating to the conduct of a state prison, and to prosecute persons involved in the charges. The Attorney General may appoint two deputies at salaries fixed and "such other deputies as he may deem necessary and fix their compensation." It does not impair the validity of the appointment that the officer is termed a "Special Deputy Attorney General." That means merely that he is a deputy specialized for the purpose named. But the Attorney General must fix his compensation. It is such compensation, together with the expenses, that is a charge upon the county, provided he be directed to act pursuant to section 62, as amended by the act of 1911 (chapter 14).

But the relator demands that the board of supervisors pay a compensation not fixed by the Attorney General, as the statute requires, but fixed by the supervisors in accordance with evidence submitted to it, whereupon its action would be subject to the consideration of the court in case a review were had. In such case the appointee would recover his compensation by proving the value of his services, and not pursuant to the statutory power of the Attorney General to fix them. This substitutes a method of ascertaining the compensation by one method while the statute states other exclusive means of doing it. In my judgment that cannot be done. The statute did not intend that public officers should be compensated upon the basis of a quantum meruit, as courts might determine the same. While I conclude that the relator could be and was duly appointed a Deputy Attorney General for the limited purpose mentioned, yet his compensation has not been fixed by the Attorney General, and the board could not act in the absence of it.

[3] It was not necessary to file the appointment with the Secretary of State, under Public Officers Law (chapter 47, Consolidated Laws) § 9. The purpose of the section is to furnish a record of the designation by the principal officer of the order in which his deputies shall act in case of his absence, inability, or in case of a vacancy in the office. It has no wider or other application.

[4] Neither is a special provision superseding the district attorney needed. If the Governor duly make the requirement, the Attorney

General or his deputy attending pursuant to it and within its limits supersedes the district attorney, save so far as the substituting officer directs the conduct of the district attorney. The Attorney General within the compass of the requirement exercises the functions of the district attorney, but the latter may be required to act in conjunction with, and in subjection to, the state officer.

[5] But that indicates how important it is that there be a formal requirement by the Governor. His requisition (1) is the authority of the Attorney General to attend the term of court or to appear before the grand jury; (2) it defines the scope of his action; (3) it curtails by its terms the functions of the district attorney, and takes away from him pro tanto duties and powers granted and imposed by law; (4) it apprises courts, grand jurors, and all concerned of the substitution of one public officer for another. In the present case there was no requisition. There is evidence by affidavits not before the supervisors, but made a part of the petition, that the Governor requested the Attorney General·to appoint deponent a Deputy Attorney General, and in connection therewith directed the Attorney General, upon deponent's appointment, to attend by the deputy before a grand jury of the county of Westchester to manage and conduct a criminal proceeding relating to the charges made as to Sing Sing Prison, as more fully described by the affidavit. Therein is the requirement, contained merely in a conversation, of which there is no official record. Upon that parol direction rests such authority as the Attorney General had to send the relator to the duty, and upon it, if it is effective, the district attorney was suspended from his functions, and to it alone must all the official bodies of the state have looked to discover the official status of the relator and what authority remained in the district attorney.

When the relator laid his claim before the supervisors, they found no evidences of the right of the Attorney General or his deputy to appear. If such authority could be presumed, the presumption is overcome by the evidence of the facts later furnished by the relator. I cannot read subdivision 2 of chapter 14 of the Laws of 1911 without concluding that the Governor was to manifest his command in an official form, defining the powers conferred upon the Attorney General and correspondingly withdrawn from the district attorney. The appointment of the relator was ineffective in that regard, as the function resided alone with the executive. It seems clear that the Attorney General employed the relator as a competent attorney to represent him in the particular matter; but, while seeking to authorize him, as he might well do, and as I think he did do, under section 65 of the Executive Law, he erred in attempting to bring the matter within section 62, amended as stated. But the fact remains that the Attorney General employed the relator for the office, and was enabled to do so.

The determination of the board of supervisors of Westchester county should be confirmed, and the writ dismissed, with $50 costs and disbursements. All concur.